Rory Quintana, SBN 258747
QUINTANA HANAFI, LLP
1939 Harrison St., Ste. 202
Oakland, CA 94612
Tel.: (415) 504-3121
Fax: (415) 233-8770
rory@qhplaw.com

*Attorneys for Plaintiff Karen Phoen*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN PHOEN an individual;<br><br>           Plaintiffs,<br><br>vs.<br><br>LIVERAMP HOLDINGS, INC., d.b.a.<br>LIVERAMP, a Delaware corporation, and<br>DOES 1-10;<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FAILURE TO PAY WAGES FOR ALL HOURS WORKED (Cal. Labor Code §§ 204, 1194)**<br>2. **FAILURE TO PAY MINIMUM WAGE (Cal. Labor Code §§ 1182.12, 1194, 1194.2)**<br>3. **FAILURE TO PAY OVERTIME WAGES (Cal. Labor Code §§ 510, 1194)**<br>4. **FAILURE TO PAY OVERTIME WAGES (29 U.S.C. § 201)**<br>5. **WAITING TIME PENALTIES (Cal. Labor Code §§ 202, 203)**<br>6. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (Cal. Labor Code § 226)**<br>7. **UNFAIR COMPETITION LAW (Cal. B&P Code § 17200 *et seq*.,)**<br><br>**<u>JURY DEMANDED</u>** |

Plaintiff KAREN PHOEN ("Phoen" or "Plaintiff") brings this action against Defendant, LIVERAMP HOLDINGS, INC., d.b.a. LIVERAMP ("Defendant") and DOES 1 through 10 (collectively "DEFENDANTS") for (1) failure to pay wages for all hours worked; (2) failure to pay minimum wages; (3) failure to pay overtime pursuant to California Labor Code 510 and 1194 and (4) 29 U.S.C. 201 *et seq*., (5) waiting time penalties; (6) failure to provide accurate earnings statements; and (7) unfair business practices in violation of California Business and Professions Code § 17200.

Plaintiff hereby alleges as follows:

## NATURE OF THIS ACTION

1.      Plaintiff worked as an accounts payable accountant for Defendant from June 17, 2019 until the termination of her employment on or about April 7, 2022. Throughout Plaintiff's employment Defendant unlawfully classified Plaintiff as exempt from minimum wage and overtime. As a result, Defendant failed to pay Plaintiff for all hours she worked and failed to pay her overtime wages.

2.      Through this action, Plaintiff charges Defendant with violations of provisions of the California Labor Code, the Business and Professions Code, the Fair Labor Standards Act and the applicable California Industrial Welfare Commission Wage Order ("Wage Order").  Plaintiff seeks declaratory relief, restitution, compensatory damages, penalties, liquidated damages, attorneys' fees and costs, and prejudgment interest.

## PARTIES

3.      Plaintiff is an individual resident of Richmond, California, who performed work for Defendant in San Francisco, California.

4.      Defendant is a marketing data and software company.

5.      Plaintiff is informed and believes and thereon alleges that Defendant is headquartered at 225 Bush Street, 17th Floor, San Francisco, CA 94104, and is registered to do business in California.

6.      At all material times and for all purposes relevant to the claims made herein,

1  Plaintiff was an "employee" within the meaning of the applicable Industrial Welfare
2  Commission Wage Order and 29 U.S.C. § 203(e).

3      7.      At all material times and for all purposes relevant to the claims made herein,
4  Defendant was an "employer" within the meaning of the applicable Industrial Welfare
5  Commission Wage Order and 29 U.S.C.  203(d).

6      8.      At all material times and for all purposes relevant to the claims made herein,
7  Defendant has been an enterprise within the meaning of 3(r) of the Fair Labor Standards Act
8  (herein "FLSA"). 29 U.S.C. § 203(r).

9      9.      At all material times, Defendant has been an enterprise or enterprise in commerce
10 or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA
11 because DEFENDANT has had and continues to have employees engaged in commerce.  29
12 U.S.C. § 203(s)(1).

13     10.     Defendant has an annual gross business volume of not less than $500,000.

14     11.     Defendant controlled the hours to be worked by Plaintiff.

15     12.     Defendant directed the work of Plaintiff.

16     13.     Defendant maintained communication with Plaintiff and received status updates
17 as to the status of her work.

18     14. The true names and capacities, whether individual, corporate, associate or otherwise,
19 of defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff and
20 therefore said defendants are sued under fictitious names.  Plaintiff is informed and believes and
21 thereon alleges that each of the defendants fictitiously named herein is legally responsible in
22 some actionable manner for the events described herein, and thereby proximately caused the
23 damage to Plaintiff.  Plaintiff will seek leave of Court to amend this Complaint to state the true
24 names and capacities of such fictitiously named defendants when the same have been
25 ascertained.

## JURISDICTION AND VENUE

26     15.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1367.

16.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Plaintiff's claims occurred in this District.

17.     Pursuant to Northern District Local Rule 3-2(d), this action should be assigned in San Francisco, as the actions giving rise to Plaintiff's claims took place in the City and County of San Francisco.

## **GENERAL ALLEGATIONS**

18.     Defendant incorrectly classified Plaintiff as exempt from state and federal labor protections, even though she did not meet the requirements of any of the exemptions.

19.     Plaintiff's job title was accounts payable accountant throughout her employment.

20.     Plaintiff was responsible for ensuring that Defendant paid its invoices.

21.     On multiple occasions throughout her employment, Plaintiff worked more than eight hours a day.

22.     On multiple occasions throughout her employment, Plaintiff worked more than 40 hours in a week.

23.     Defendant never paid Plaintiff an overtime premium when Plaintiff worked more than 8 hours in a day.

24.     Defendant never paid Plaintiff an overtime premium when Plaintiff worked more than 40 hours in a work week.

25.     Before becoming a full-time employee for Defendant in June 2019, Plaintiff worked as an independent contractor for Defendant from in or around November 2018 until in or around June 2019.  During that time frame, Plaintiff performed the same job duties that she would later perform as an employee. When Plaintiff worked more than eight hours a day as a contractor, Defendant paid Plaintiff an overtime rate.  However, despite the fact that her job duties and responsibilities never changed, Defendant subsequently treated Plaintiff as an exempt employee, not paying her overtime for hours worked over 8 in a day or 40 in a week.

26.     Plaintiff did not exercise discretion and independent judgment on matters of significance related to the management of Defendant's business operations. Nor did Plaintiff use advanced knowledge from advanced degrees to perform her duties as an account's payable accountant.

27.     California Labor Code § 201 requires employers to pay employees who are terminated all wages due and owed to the employee immediately upon termination. California Labor Code § 203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period-of-time up to 30 days.

28.     Defendant failed to provide Plaintiff with accurate semi-monthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect, during the pay period, in violation of California Labor Code § 226.  In failing to provide the required documents, Defendant has not only failed to pay Plaintiff the full amount of compensation due, but has also, until now, effectively shielded itself from Plaintiff's scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led Plaintiff to discover.

## FIRST CAUSE OF ACTION
### Failure to Pay Wages for All Hours Worked
### Cal. Labor Code §§ 204, 1194 –

29.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

30.     At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the California Labor Code.

31.     California Labor Code section 204 requires employers to pay employees for all work performed on the job.

32.     During the relevant period, Defendant had a policy and practice of failing to compensate Plaintiff for all hours worked. Defendant required, suffered, or permitted Plaintiff to

work from June 2019 through April 2022 without receiving compensation for work performed over 40 hours during a week. For hours worked up to 40 hours per week, Defendant paid Plaintiff. However, for hours worked over 40 during a week, Defendant did not pay Plaintiff an hourly wage.

33.     By requiring Plaintiff to perform work without compensation as alleged above, Defendant willfully violated the provisions of California Labor Code section 204. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of compensation in amounts to be determined at trial and is entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under California Labor Code section 1194.

### SECOND CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**Cal. Labor Code §§ 1182.12, 1194, 1194.2; IWC Wage Order No. 4-2001**

34.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

35.     At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the California Labor Code.

36.     Pursuant to California Labor Code sections 1182.12, 1194, and 1194.2, and IWC Wage Order No. 4-2001, section 4, Defendant was required to compensate Plaintiff for all hours worked.  From January 1, 2019, to December 31, 2019, the minimum wage in California was $12 per hour for employers with 26 employees or more, including Defendant.  From January 1, 2020, to January 1, 2022, the minimum wage in California was $13 per hour for employers with 26 employees or more, including Defendant. From January 1, 2022, to the present, the minimum wage in California has been $15 per hour for employers with 26 employees or more, including Defendant.

37.     Plaintiff was a non-exempt employee entitled to the protections of California Labor Code sections 1182.12, 1194, and 1194.2, and IWC Wage Order No. 4-2001.

38.     Defendant's pay policies and practices violated California's minimum wage requirements because they failed to pay Plaintiff for all hours worked.  Specifically, Defendant

failed to pay Plaintiff for hours worked over 40 hours in a week.

39.     Defendant's conduct described herein violated California Labor Code sections 1182.12, 1194, and 1194.2, and IWC Wage Order No. 4-2001. Plaintiff is entitled to recover her unpaid wages, plus interest, penalties, attorneys' fees, and costs of suit. Further, Plaintiff is entitled to liquidated damages pursuant to Labor Code section 1194.2.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**Cal. Labor Code §§ 510 and 1194; IWC Wage Order No. 4-2001**

40.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

41.     At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the California Labor Code.

42.     Pursuant to California Labor Code sections 510 and 1194, and IWC Wage Order No. 4-2001, Defendant was required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh consecutive work day, with double time for all hours worked in excess of twelve (12) hours in any work day and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any work week.

43.     Plaintiff was a non-exempt employees entitled to the protections of California Labor Code sections 510 and 1194, and IWC Wage Order No. 4-2001.  During the relevant period, Defendant failed to compensate Plaintiff for overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1½) the regular rate of pay as provided by California Labor Code sections 510 and 1194, and IWC Wage Order No. 4-2001; improperly classifying Plaintiff as exempt from overtime pay premiums; and requiring, permitting, or suffering Plaintiff to work without receiving compensation.

44.     In violation of California law, Defendant knowingly and willfully refused to

perform their obligations to compensate Plaintiff for all wages earned and all hours worked. As a proximate result, Plaintiff has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to her respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

45.     Defendant's conduct described herein violates California Labor Code sections 510 and 1194, and IWC Wage Order No. 4-2001.  Therefore, pursuant to applicable provisions under the California Labor Code and IWC Wage Orders, Plaintiff is entitled to recover the unpaid balance of wages owed to her by Defendant, plus interest, penalties, attorneys' fees, and costs of suit.

### FOURTH CAUSE OF ACTION
**Failure to Pay Overtime**
**FLSA, 29 U.S.C. § 201 *et seq.*,**

46.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

47.     The FLSA requires each covered employer such as Defendant, to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

48.     On numerous occasions throughout Plaintiff's employment, Defendant engaged, suffered, or permitted Plaintiff to work in excess of forty (40) hours in a workweek.

49.     Plaintiff was entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times her regular rate of pay.

50.     Despite the hours worked by her, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiff the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek. By failing to compensate Plaintiff at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

51.     By failing to accurately record, report and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 210 *et seq*., including 29 U.S.C. § 211(c) and § 215(a).

52.     As a result of Defendant's willful and unlawful failure to pay Plaintiff all of her earned overtime wages, Plaintiff is entitled to recover her unpaid overtime wages, costs and reasonable attorneys' fees and the relief requested below in the Prayer for Relief.  Plaintiff seeks damages in the amount of her unpaid overtime compensation and liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION
### Waiting Time Penalties
### Cal. Labor Code §§ 201, 203

53.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

54.     At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the California Labor Code.

55.     California Labor Code section 201 requires an employer to pay all compensation due and owing to an employee immediately upon termination of that employee's employment.

56.     California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by section 201, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty workdays.

57.     Defendant willfully failed and refused to timely pay compensation and wages, including unpaid minimum wages and overtime pay, to Plaintiff.  As a result, Defendant is liable to Plaintiff for waiting time penalties, together with interest thereon, under Labor Code section 203.

## SIXTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements
### Cal. Labor Code §§ 226, 1174

58.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

59.     At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the California Labor Code.

60.     Pursuant to California Labor Code sections 226 and 1174, all employers are required to maintain accurate records of each employee's hours of work each workday for a period of at least three (3) years, and provide to each employee accurate, periodic wage payments in writing setting forth, among other things: (a) the dates of labor for which payment of wages is made; (b) the total hours of work for the pay period; (c) the applicable rates of pay for all hours worked; (d) gross and net wages paid, as well as all authorized deductions from those wages; and (e) the name and address of the employer.

61.     Defendant knowingly failed to comply with these provisions by, among other things, failing to provide accurate itemized wage statements in writing showing all applicable rates of pay during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.

62.     California Labor Code section 226(e) provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter up to $4,000 per employee.

63.     During the course of Plaintiff's employment, Defendant consistently failed to provide her with paystubs that met the requirements of section 226(e) of the California Labor Code.

64.     Defendant failed to provide such adequate statements willingly and with full knowledge of its obligations under California Labor Code section 226.

65.   Defendant's failure to provide such adequate statements has caused injury to Plaintiff.  Plaintiff may therefore recover the greater of actual damages or penalties as a result of Defendant's failure to provide proper records, in an amount to be determined at trial.  Plaintiff also seeks costs and attorneys' fees under Labor Code section 226.

### SEVENTH CAUSE OF ACTION
**Unfair Competition Law**
**California Bus. & Prof. Code §17200** *et seq.*

66.   Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

67.   The California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice.

68.   Defendant's conduct as described above constitutes unlawful business practices for the reasons set forth below, without limitation:

(A)      Defendant violated various sections of the California Labor Code, including but not limited to sections 201 and 203 (requiring payment of all wages due upon termination of employment); 1182.12, 1194, and 1194.2 (failure to pay minimum wages); 204 and 1194 (failure to pay for all hours worked); 510 and 1194 (requiring payment of premium pay for all overtime hours worked); 226 and 1174 (failure to furnish pay records); and Wage Order 4-2001.

(B)      Defendant misclassified Plaintiff as exempt from overtime, thereby denying Plaintiff the protections and benefits provided to her under the California Labor Code;

(C)      Defendant's acts are in direct contravention to Labor Code section 90.5(a), which states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards;

69.     Defendant's conduct as described above constitutes unfair business practices because its conduct in denying lawfully earned wages outweighs any utility of such practices.

70.     As a result of Defendant's unlawful and unfair conduct, Plaintiff suffered injury in fact and lost money and property, including, but not limited to loss of wages earned.

71.     Pursuant to California Business and Professions Code section 17203, Plaintiff seeks declaratory relief, restitution, disgorgement, and other appropriate equitable relief pursuant to Business and Professions Code section 17204.

72.     Pursuant to California Code of Civil Procedure section 1021.5, Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Injunctive relief requiring Defendant to conduct training for all employees, supervisors, and management on the requirements of state and federal wage laws, and to permanently prohibit Defendant from engaging in any future wage law violations against Defendant's employees;

2. A declaratory judgment that Defendant knowingly and intentionally violated the following provisions of the law:

   a. California Labor Code sections 1182.12, 1194, and 1194.2 by failing to pay California minimum wage;

   b. California Labor Code section 204 by failing to pay for all hours worked off-the-clock;

   c. California Labor Code sections 510 and 1194 by failing to pay overtime wages;

   d. The FLSA, 29 U.S.C. § 201 *et seq.*; and

   e. California Labor Code section 226 by failing to provide accurate wage statements.

3. That Defendant be permanently enjoined from engaging in the unlawful, unfair, and fraudulent acts and practices alleged herein;

4. An order requiring Defendant to pay restitution of all amounts owed to Plaintiff, in an amount according to proof, pursuant to California Business and Professions Code section 17203;

5. Compensatory damages according to proof;

6. Statutory damages, liquidated damages, and penalties as provided under the Labor Code;

7. Liquidated damages for failure to pay overtime wages pursuant to 29 U.S.C. § 216(b)

8. Pre-judgment interest on all sums collected;

9. Reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5, the California Labor Code, and/or other applicable law;

10. Costs of suit herein; and

11. Such other and further relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff Karen Phoen hereby requests a jury trial on all claims so triable.

Dated: September 21, 2022

QUINTANA HANAFI, LLP

Rory C. Quintana
*Attorneys for Plaintiff*
*Karen Phoen*