RORY C. QUINTANA (SBN 258747)
rory@qhplaw.com
**QUINTANA HANAFI, LLP**
1939 Harrison St., Ste. 202
Oakland, CA 94612
Telephone: (415) 504-3121
Fax: (415) 233-8770

*Attorney for Plaintiff Karen Phoen*

Brian J. Wagner (SBN 239981)
James M. Gary, *Pro Hac Vice*
**KUTAK ROCK LLP**
One Union National Plaza
123 W. Capitol Ave., Ste. 2000
Little Rock, AR 72201
Tel.: (501) 975-3140
Fax: (501) 975-3001
Brian.wagner@kutakrock.com
Jim.gary@kutakrock.com

*Attorneys for Defendants LiveRamp, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAREN PHOEN** an individual;<br><br>Plaintiff,<br><br>vs.<br><br>**LIVERAMP, INC.,** a Delaware corporation, and DOES 1-10;<br><br>Defendants. | CASE NO. 4:22-cv-05386-HSG<br><br>**ORDER AS MODIFIED APPROVING JOINT REQUEST FOR APPROVAL OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH PREJUDICE OF ALL CLAIMS**<br><br>Complaint Filed:  September 21, 2022 |

**ORDER AS MODIFIED**

Pending before the Court is the Parties joint motion for approval of settlement and request for dismissal with prejudice of all claims.  Good cause appearing, the Court GRANTS the motion.

## I. BACKGROUND

Plaintiff Karen Phoen ("Plaintiff") was an employee of Defendant LiveRamp, Inc. and worked as an accounts' payable accountant for Defendant from June 17, 2019 until the termination of her employment on or about April 7, 2022. Plaintiff brought this action under the California Labor Code and the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that Defendant misclassified her as exempt from overtime and failed to pay her overtime compensation pursuant to the California Labor Code and the FLSA. Among other things, Defendant asserts the Plaintiff was exempt as to overtime and minimum wage pay. In addition, Defendant asserts Plaintiff's job duties did not require, and she did not actually perform work over 40 hours in any week or over 8 hours in any day. Defendant denies any and all liability in the matter.

## II. Legal Standard

The FLSA requires employers to pay their employees time and one-half for work exceeding forty hours per week. *See* 29 U.S.C. § 207(a)(1). Most courts hold that an employee's overtime claim under FLSA is non-waivable, and therefore cannot be settled without the supervision of either the Secretary of Labor or a district court. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Till v. Saks Inc.,* No. C 12-03903, 2014 WL 1230604, at *2 (N.D. Cal. Mar. 14, 2014); *see also Otey v. CrowdFlower, Inc.*, No. 12-cv-05524, 2014 WL 1477630, at *3 & n.5 (N.D. Cal. Apr. 15, 2014) ("*Otey I*") (collecting cases applying *Lynn's Food Stores*).

"The Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval." *Otey v. CrowdFlower, Inc.*, No. 12-cv-05524, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015) ("*Otey II*"). For that reason, courts in this district apply the Eleventh Circuit's widely followed standard set forth in *Lynn's Food Stores* and consider whether the proposed settlement constitutes "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* (quoting 679 F.2d at 1355). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . .

that are actually in dispute," the district court may approve the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

### III.  DISCUSSION

The settlement in this case involves a single plaintiff resolving only her individual overtime claims pursuant to the FLSA.  In order to approve the settlement, the Court must find that (1) the case involves a bona fide dispute, (2) the proposed settlement agreement is fair and reasonable, and (3) the award of costs is reasonable.

#### a.  Bona Fide Dispute

"If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (quoting *Yue Zhou v. Wang's Restaurant*, 2007 WL 2298046, *1 (N.D. Cal. Aug. 8, 2007)); *Lynn's Food Stores*, 679 F.2d at 1353 n.8 (requiring "settlement of a bona fide dispute between the parties with respect to coverage or amount due under the [FLSA]").  "The purpose of this analysis is to ensure that an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties." *Saleh v. Valbin Corp.,* No. 17-CV-00593-LHK, 2018 WL 6002320, at *2 (N.D. Cal. Nov. 15, 2018) (citing *Lynn's Food Stores*, 679 F.2d at 1353, n.8.).

With respect to FLSA coverage and potential liability, Plaintiff contended that she was misclassified as an exempt employee based on the nature of her work for Defendant.  Plaintiff based her contention on her actual job duties, which she claimed largely consisted of accounts payable work and bookkeeping.  Among other things, Defendant asserted that Plaintiff was exempt from the overtime obligations of the FLSA, based on the nature of her duties requiring discretion and independent judgment on matters of significance.

The Parties also disputed the number of overtime hours Plaintiff actually worked for Defendant.  Plaintiff argued that once she became Defendant's employee, as opposed to when she was consulting for Defendant, her hours of work increased.  Plaintiff also argued that the

software Defendant engaged for its bookkeeping responsibilities did not immediately work in an effective manner, requiring Plaintiff to work more time.  Defendant argued that the hours worked by Plaintiff when she was a consultant were a more accurate reflection of the time she worked, and that the software implemented for bookkeeping purposes began reducing the time worked by Plaintiff from 2020 until her termination in 2022.  Moreover, Defendant claimed that the nature of Plaintiff's job was not such that she would have to work over forty (40) hours in a workweek.  Plaintiff on the other hand asserted that she worked well over forty hours a week at times.

The Parties also disagreed on the proper proof, method, and measure of damages. Plaintiff contended that she needed only a good faith estimate of time and was entitled to time-and-one-half their regular rate of pay for each overtime hour worked.  Defendant argued that Plaintiff lacked evidentiary support for her overtime claims.

Thus, the Parties articulated bona fide disputes concerning the facts and the applicable application of law in this matter.  Although the Parties, with the assistance of a mediator, were able to set certain aspects of their disputes aside to achieve a settlement, there still exist significant disagreement as to these matters.  Accordingly, this settlement is not "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, *supra*, 679 F.2d at 1354.  Based on the disputed aspects of the case, the Court finds there to be a bona fide dispute under the FLSA.

### b.  Fair and Reasonable Resolution

"To determine whether the settlement is fair and reasonable, the Court looks to the 'totality of the circumstances' and the 'purposes of FLSA.'" *Saleh*, 2018 WL 6002320 at *3 (quoting *Selk v. Pioneers Mem'l Healthcare Dist.,* 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016)).  "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 628 (9th Cir. 1982).  As the Ninth Circuit noted in Officers for Justice, "[u]ltimately the amount of the [settlement payments] will be less than what some [plaintiffs] feel they deserve but, conversely, more than the defendants feel

those individuals are entitled to.  This is precisely the stuff from which negotiated settlements are made." *Id*.  The Court should approve the settlement in this case because, although the payment to Plaintiff is substantial, it represents a reasonable compromise of Plaintiff's wage and hour claims, which was less than what they originally demanded and more than Defendant wished to pay.

Here, Plaintiff has obtained a settlement totaling $87,500.  This is certainly a reasonable compromise in light of the risks of litigation.  As outlined above, a number of litigation scenarios reflecting reasonably likely outcomes on the damage factors would result in FLSA damage estimates between zero and as much as $150,000 as a total judgment for the Plaintiff.  A total settlement of $87,500 is eminently reasonable.  After fees and costs, approximately $58,333.00 will be distributed to the Plaintiff, as described above in greater detail.

Overall, considering the totality of the circumstances, the Court finds that the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

### c.  Attorneys' Fees and Costs

The FLSA contains a mandatory fee- and cost-shifting provision.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action"); *accord Dent v. Cox Comms. Las Vegas, Inc.,* 502 F.3d 1141, 1143 (9th Cir. 2007).  Because settlement of a FLSA claim results in a stipulated judgment (at least when in district court), *Lynn's Food Stores*, 679 F.2d at 1354, this provision applies even where parties settle an individual action, *Yue Zhou*, 2007 WL 2298046 at *1.

The resolution of this case "is a privately negotiated settlement." *Campanelli*, 2011 WL 3583597, at *1.  Plaintiff affirmatively chose to be represented by Plaintiff's counsel.  Plaintiff's counsel took this case on a contingency basis.  Therefore, counsel did not receive any payment for their time spent litigating the case, nor did they receive reimbursement for their out-of-pocket costs during the litigation.  Plaintiff's counsel alone undertook the financial risk of unsuccessful litigation.  Plaintiff's counsel has a legal service agreement with Plaintiff,

which provides for payment of attorneys' fees to counsel in the amount of forty percent (40%) of any settlement, but Plaintiff's counsel has waived costs and reduced his fees to only 33 and 1/3%.  Moreover, Plaintiff was advised of the amount of fees paid on her behalf as part of the settlement, and signed a release agreeing to the terms of the settlement.  *See Scott v. Memory Co., LLC*, 2010 WL 4683621 (M.D. Ala. Nov. 10, 2010) (settlement approved with attorneys' fees paid according to plaintiff's contingency agreement with his attorney).  The Court's obligation on approval of an FLSA settlement is to determine that attorneys' fees are reasonable.  *Campanelli*, supra, 2011 WL 3583597, at *1.  Plaintiff's counsel litigated this case aggressively and effectively, which resulted in substantial monetary relief for Plaintiff.

The Court finds that the agreed-upon fees and costs amount is reasonable.

### IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Parties' joint motion for settlement approval.  The Court further:

1.     **DIRECTS** the Parties to perform their obligations in accordance with the terms of the settlement agreement; and

2.     **DIRECTS** the Parties to submit a status report within 30 days indicating that the payments under the Settlement Agreement and Release have been tendered.  Simultaneously with that status report the Parties are **DIRECTED** to submit a stipulated judgment and dismissal.

**IT IS SO ORDERED.**

Dated:  __10/20/2023__

_____
United States District Court Judge
Haywood S. Gilliam, Jr.